IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                          :       MISCELLANEOUS
                                :
NATIONAL FINANCIAL              :
PARTNERS CORP. and              :
WILLIAM CORRY                   :       NO. 09-mc-00027-JF


MEMORANDUM

Fullam, Sr. J.                                         April 21, 2009

   The parties are involved in an arbitration under the auspices of the American Arbitration Association.  By memorandum and order dated March 16, 2009, I denied a motion to quash a subpoena by Darcy Corry, a non-party to the arbitration(and the wife of the respondent in the arbitration), concluding that the arbitrator had the authority to cause the subpoena to be issued and determining that movant's contention that the subpoena was overly broad should first be presented to the arbitrator.  Ms. Corry has filed a motion for reconsideration.

   I am unpersuaded that the earlier ruling was in error. The arbitrator's presence at the hearing brings the proceeding under section 7 of the Federal Arbitration Act. <u>Hay Group, Inc. V. E.B.S. Acquisition Corp.</u>, 360 F.3d 404, 413 (3d Cir. 2004) (Chertoff, J. concurring) (observing that advance production of documents can be required because "arbitrators have the power to compel a third-party witness to appear before a single arbitrator, who can then adjourn the proceedings"); <u>Life Receivables Trust v. Syndicate 102 at Lloyd's of London</u>, 549 F.3d

210, 218 (2d Cir. 2008) ("Section 7's presence requirement, however, forces the party seeking the non-party discovery - and the arbitrators authorizing it - to consider whether production is truly necessary."). The arbitrator apparently has concluded that the third-party testimony is relevant and is important enough to warrant travel to Florida, and I see no basis to disturb that determination.

     An Order will enter.